## IN THE UNITED STATE DISTRICT COURT

## STATE OF UTAH

| | |
|---|---|
| **KIMBERLY JO MOSBY,**<br><br>                    **Plaintiff,**<br><br>vs.<br><br>**SALT LAKE CITY POLICE DEPARTMENT and STATE OF UTAH,**<br><br>                    **Defendants.** | **REPORT & RECOMMENDATION**<br><br>**Case No.  2:25-cv-00621**<br><br>**District Court Judge Dale A. Kimball**<br><br>**Magistrate Judge Dustin B. Pead** |

The case is before the undersigned pursuant to a 28 U.S.C. § 636(b)(1)(B) assignment from District Court Judge Kimball.[1] Before the court is Plaintiff Kimberly Jo Mosby's ("Ms. Mosby" or "Plaintiff") pro se complaint and her motion for temporary restraining order.[2] Ms. Mosby has been permitted to temporarily proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute") while the court screens her pleading.[3] Accordingly, the court considers Plaintiff's motion for temporary restraining order and screens Plaintiff's complaint while reviewing the sufficiency of Ms. Mosby's pleading under the authority of the IFP Statute. Based upon the analysis set forth below, the court recommends the motion for temporary restraining order be

---

[1] ECF No. 4, Order Referring Case; 26 U.S.C. § 636(b)(1)(B).

[2] ECF No. 1, Complaint; ECF No. 3, Motion for Temporary Restraining Order and Protective Order.

[3] ECF No. 5, Order Temporarily Granting Motion to Proceed IFP; 28 U.S.C. § 1915.

denied and Ms. Mosby be permitted to file an amended complaint as to her claims against Defendant State of Utah.

## **BACKGROUND**

Ms. Mosby names Salt Lake City Police Department and the State of Utah as Defendants (collectively, "Defendants") in her 28 U.S.C. §1983 action alleging violations of the First, Fourth and Fourteenth Amendments.[4]  As support for her claims Plaintiff alleges, beginning on or around April 24, 2023, she:

> became the target of persistent, unexplained surveillance activities. These include---but are not limited to---unmarked vehicles parked outside P[laintiff]'s home, unidentified aircraft and drones hovering above P[laintiff]'s residence, phone and internet interference, and community-based harassment . . . . In addition to electronic surveillance, P[laintiff] has experienced illegal entries into their [sic] residence, tampering with personal property, and coordination between neighbors, landlords, and unknown actors to follow, intimidate, and undermine the P[laintiff]'s autonomy and livelihood.[5]

Ms. Mosby asserts the listed activities are "part of a coordinated campaign of extrajudicial targeting" carried out by various "governmental entities acting under the color of law."[6] Plaintiff seeks a judgment declaring the government's actions in violation of her constitutional rights and affirming her "right to be free from targeted government-orchestrated intimidation, coercion, or harassment."[7]

---

[4] *See generally,* ECF No. 1.

[5] ECF No. 1 at ¶¶ 5, 7.

[6] *Id.* at ¶ 8.

[7] *Id.* at 5.

## LEGAL STANDARDS

To review Ms. Mosby's complaint under the authority of the IFP Statute, the court must consider the standard under Fed. R. Civ. P. 12(b)(6) regarding the failure to state a claim on which relief can be granted.[8] Additionally, the court considers the relevant legal standards related to pro se litigants and sovereign immunity. These legal standards are addressed below.

### 1.     Failure to State a Claim

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."[9] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[10] Under that standard, the court "look[s] for plausibility in th[e] complaint."[11] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[12]

---

[8] Fed. R. Civ. P. 12(b)(6).

[9] 28 U.S.C. § 1915(e)(2)(B)(ii).

[10] Fed. R. Civ. P. 12(b)(6).

[11] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[12] *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (other quotations and citation omitted) (second and third alterations in original)).

Federal Rule of Civil Procedure 8 is also incorporated in the court's Rule 12(b)(6) analysis.[13] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[14] "A pleading offering 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[15] Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" is not sufficient.[16] Rule 8 requires at least that the allegations of a complaint put the defendant on fair notice of the claims raised.[17] The twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims so defendant may respond and to allow the court to conclude that the allegations, if proven, show plaintiff is entitled to relief.[18]

### 2.    Pro Se Litigant

In analyzing Ms. Mosby's complaint, the court is mindful that she is proceeding pro se. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[19] However, it is not "the proper function of the

---

[13] Fed. R. Civ. P. 8; Fed. R. Civ. P. 12; *U.S. ex. rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010).

[14] Fed. R. Civ. P. 8(a)(2).

[15] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 555, 557) (alteration in original).

[16] *Id.*

[17] *Twombly,* 550 U.S. at 555.

[18] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n. of Kan.,* 891 F.2d 1471, 1480 (10th Cir. 1989).

[19] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *see e.g., Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

district court to assume the role of advocate for the pro se litigant,"[20] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[21] Rather, as the Court of Appeals for the Tenth Circuit stated,

> "[t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts . . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."[22]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give [her] an opportunity to amend."[23]

## 3.    Immunity From Suit

The Eleventh Amendment "prohibits a citizen from filing suit against a state in federal court."[24] "This immunity extends to arms of the state and to state officials who are sued for damages in their official capacity."[25] There are two exceptions to Eleventh Amendment immunity: "(1) Congress may abrogate a State's Eleventh Amendment immunity in the exercise

---

[20] *Id.* at 1110 (internal citation omitted).

[21] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[22] *Bellmon,* 935 F.2d at 1110 (internal citations omitted).

[23] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

[24] *Ruiz v. McDonnell,* 299 F.3d 1173, 1180 (10th Cir. 2010).

[25] *Williams v. Utah Dep't of Corrections,* 928 F.3d 1209, 1212 (10th Cir. 2019).

of its power to enforce the Fourteenth Amendment and (2) a State may waive its Eleventh Amendment immunity by consenting to suit."

## ANALYSIS

Plaintiff's complaint is subject to dismissal because she does not state a plausible claim for relief. Nonetheless, the court provides Ms. Mosby with an opportunity to amend her pleading. Additionally, the court recommends that Plaintiff's motion for temporary restraining order be denied.

**1.    Ms. Mosby's Complaint Fails to State a Plausible Claim for Relief.**

After reviewing Plaintiff's complaint, the court finds the factual allegations are conclusory in nature and fail to satisfy the minimum pleading standards under Federal Rule 8(a)(2) and Federal Rule 12(b)(6).[26] First, Ms. Mosby fails to make any allegations regarding each Defendant's alleged actions, or to indicate how Defendants violated her constitutional rights. Indeed, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[27] Here, Ms. Mosby names Salt Lake Police Department and State of Utah as Defendants but does not indicate what actions each Defendant engaged in or how such alleged actions harmed her.[28] In turn, Plaintiff claims violations of her First, Fourth and Fourteenth amendment rights, but does not connect any

---

[26] Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6).

[27] *Allison v. Boulder County Bcso,* 2025 U.S. App. LEXIS 19270, at *4 (10th Cir. July 31, 2025) (citing *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. July 3, 2007)).

[28] *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555, 557 ) (alteration in original) ("Threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice.").

specific action by Defendants to a constitutional violation. Additionally, Defendant State of Utah is entitled to Eleventh Amendment immunity and Plaintiff does not identify any exception that may apply. As to the Salt Lake City Police Department, "[p]olice departments are not separate legal entities with the capacity to sue or be sued" and therefore any claims against Defendant Salt Lake City Police Department should be dismissed with prejudice.[29]

As a result, the court recommends that Plaintiff's complaint be dismissed for failure to satisfy Rule 8's requirements and failure to state a plausible claim for relief.[30] However, as discussed below, the court further recommends Ms. Mosby be allowed to amend her complaint as to Defendant State of Utah.

**2.    The Court Should Permit Ms. Mosby to Amend Her Complaint.**

Based upon the foregoing analysis, Ms. Mosby's complaint fails to state a plausible claim for relief. Yet dismissal is proper only "if it is obvious that [she] cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend."[31] Accordingly, the court recommends that Ms. Mosby be afforded an opportunity to amend her complaint against the State of Utah. Plaintiff may be able to cure the identified deficiencies with adequate allegations in an amended pleading. Therefore, Ms. Mosby shall submit an amended complaint.

---

[29]*Hansen v. Police Department of Salt Lake City,* 2017 U.S. Dist. LEXIS 164255, at *6 (D. Utah Sept. 6, 2017) (citing *Hinton v. Dennis,* 362 F. App'x 904, 907 (10th Cir. 2010)); *see also Keilbaugh v. Salt Lake City Police Department,* 2020 U.S. Dist. LEXIS 82878, at *1 ft 2 (D. Utah Feb. 21, 2020) (finding Salt Lake City Police Department "is not a separate legal entity capable of being sued or filing suit.").

[30] *Allison,* at *7 ("But failure to satisfy Rule 8's requirements essentially results in a failure to state a claim upon which relief may be granted.").

[31] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

Once received, the court will address whether Ms. Mosby's amended complaint states a claim for relief. If she fails to do so, Plaintiff's claims may be subject to dismissal with prejudice.

**3.     Ms. Mosby's Motion for Temporary Restraining Order Should Be Denied.**

Ms. Mosby's motion for temporary restraining order should be denied because she fails to satisfy the required elements for such relief. To be entitled to a temporary restraining order, the moving party must show: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the temporary restraining order issues; (3) that the threatened injury outweighs the harm that the temporary restraining order may cause the opposing party; and (4) that the temporary restraining order will not adversely affect the public interest.[32] Because injunctive relief "is an extraordinary remedy, the movant's right to relief must be clear and unequivocal."[33]

As set forth above, the court concludes the conclusory allegations set forth in Plaintiff's complaint fail to state a claim. It logically follows from that conclusion that Ms. Mosby has not established a substantial likelihood of prevailing on the merits of her constitutional claims, a required element of a motion for temporary restraining order.[34] As a result, Plaintiff fails to carry

---

[32] *Thomas v. Carson,* 30 F. App'x 770, 772 (10th Cir. 2002); *Stuber v. Lucky's Auto Credit, LLC,* 478 F. Supp. 3d 1205, 1208 (D. Utah 2020). Additionally, pursuant to Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure a party moving for a temporary restraining order must certify in writing all efforts made to give notice to Defendants or, in the alternative, provide reasons as to why notice should not be required. *See Jenkins v. Haaland,* 2021 U.S. Dist. LEXIS 231371 (D. Utah Sept. 23, 2021).

[33] *Dine Citizens Against Ruining Our Env't v. Jewell,* 839 F.3d 1276, 1281 (10th Cir. 2016) (quotations and citations omitted).

[34] Having reached the conclusion that Ms. Mosby fails to establish the first required element, the court need not address the remaining elements. *See Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 22-24, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). Yet even if the court were to address the remaining elements,

her burden to demonstrate a restraining order is appropriate and the court should deny Ms. Mosby's motion.

## RECOMMENDATION & NOTICE TO PARTIES

The court **RECOMMENDS** as follows:

1. Ms. Mosby's claims against Salt Lake City Police Department are dismissed with prejudice;

2. If the District Court adopts this court's recommendation, Ms. Mosby is ordered to file an Amended Complaint as to Defendant State of Utah within twenty-one (21) days of the District Court affirming this court's ruling. The words "Amended Complaint" should appear in the caption of the documents;

3. Once filed, the court will screen the proposed Amended Complaint under 28 U.S.C. §1915 and DUCivR 3-2(b);

4. Plaintiff's failure to file a timely Amended Complaint may result in dismissal of this action;

5. Ms. Mosby's motion to proceed in forma pauperis is TEMPORARILY GRANTED;[35] and

6. Ms. Mosby's motion for temporary restraining order is DENIED.[36]

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[37] The parties must file any objections to this Report and Recommendation

---

based on Ms. Mosby's insufficient pleading, the court would conclude that Plaintiff fails to establish those elements as well.

[35] ECF No. 2.

[36] ECF No. 3.

within 14 days after being served with a copy of it.[38] Failure to object may constitute waive of objections upon subsequent review.

     IT IS SO ORDERED

     DATED this 18th day of August, 2025.

                 BY THE COURT

                 _____
                 DUSTIN B. PEAD
                 Magistrate Judge
                 United States District Court

---

[37] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[38] *Id.*